IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Geary Myers, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Frank Gillis, et al., | : | 02-CV-3793 |
| Respondents | : | |

## REPORT AND RECOMMENDATION

JAMES R. MELINSON
CHIEF U.S. MAGISTRATE JUDGE

Before the court is a *pro se* petition for a writ of *habeas corpus* filed pursuant to 28

U.S.C. § 2254.  Petitioner, Geary Myers, is currently incarcerated at the State Correctional

Institution at Coal Township, Pennsylvania.  For the reasons set forth below, this court

recommends that the petition be DENIED with prejudice.

FACTUAL AND PROCEDURAL HISTORY

On November 22, 1995, following a jury trial in the Court of Common Pleas of

Philadelphia County, Myers was convicted of murder in the second degree, four counts of

robbery, five counts of aggravated assault, carrying a firearm on a public street, and possession of

an instrument of crime.  Myers was sentenced to life imprisonment for the murder conviction,

and a consecutive aggregate term of ten (10) to forty (40) years' imprisonment for the remaining

convictions.

On March 2, 1995, Myers filed a direct appeal in the Superior Court of Pennsylvania

claiming the trial court erred in its instruction to the jury on the law regarding third degree

murder.  In a memorandum order dated February 22, 1996, the Superior Court rejected this claim

and affirmed judgment of sentence.  Commonwealth v. Myers, 677 A.2d 1266 (Pa. Super. 1996)

(table).  Myers's petition for allowance of appeal to the Supreme Court of Pennsylvania was

denied on August 2, 1996.  Commonwealth v. Myers, 681 A.2d 177 (Pa. 1996) (table).

On January 7, 2000, Myers filed a petition for collateral review pursuant to

Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541, *et seq*.  Counsel

was appointed and, after reviewing the record, PCRA counsel determined that the petition was

untimely and that there were no issues of arguable merit.  PCRA counsel submitted a letter

pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), seeking permission to

withdraw from the case.  The PCRA court dismissed his petition without a hearing on July 14,

2000.

Myers's appealed the dismissal of his PCRA petition to the Superior Court of

Pennsylvania.  On May 16, 2001, the Superior Court affirmed the order of the PCRA court

finding that the petition was properly dismissed as untimely.  Commonwealth v. Myers, 778 A.2d

1246 (Pa. Super. 2001) (table).

The instant petition for a writ of *habeas corpus*, signed and dated May 29, 2002, was filed

in this court on June 17, 2002.  In this petition, Myers claims:  1) he was denied the right to

appeal; 2) his counsel was ineffective for failing to inform him of the outcome of his appeal in a

timely fashion; and 3) prosecutorial misconduct.  On December 11, 2002, the Commonwealth

filed its response asserting that the instant petition is untimely and must be dismissed.

### DISCUSSION

Federal *habeas* review is precluded where the petitioner does not satisfy the applicable

period of limitations.  Specifically, 28 U.S.C. § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244 further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Following the enactment of this one-year period of limitations, the Third Circuit Court of Appeals interpreted this amendment to provide for a "one year grace period" following its effective date of April 24, 1996. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) ("applying § 2244(d)(1) to bar the filing of a *habeas* petition before April 24, 1997, where the prisoner's conviction became final before April 24, 1996, would be impermissibly retroactive"). As a result, a petitioner whose conviction was final prior to the enactment of the limitations period was permitted to file for federal *habeas corpus* relief before April 24, 1997.

Myers's judgment of sentence became final on October 31, 1996, ninety (90) days after the

Supreme Court of Pennsylvania denied *allocatur* and the time to seek review by the Supreme

Court of the United States expired.  See Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999)

(citing Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (judgment final after the

expiration of the time for seeking *certiorari* has expired whether or not review is actually

sought)).  Thus, he was required to file his *habeas* petition on or before October 30, 1997.

The earliest date the instant petition can be deemed filed is May 29, 2002, the date on

which it was signed.  See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("a *pro se* prisoner's

petition is deemed filed at the moment he delivers it to prison officials for mailing to the district

court").  Myers did not file his petition until approximately four and one-half (4 ½) years after the

expiration of the limitations period.  Thus, this petition is untimely and must be dismissed unless

Myers can establish that the limitations period was tolled through May 29, 2002.

The limitations period may be tolled during the time a state collateral proceeding is

pending if the collateral petition was properly filed under state law.  28 U.S.C. § 2244(d)(2).  A

properly filed state petition is one that is "submitted according to the state's procedural

requirements, such as the rule governing the time and place for filing."  Lovasz v. Vaughn, 134

F.3d 146, 148 (3d Cir. 1998).  Here, Myer's petition was filed on January 7, 2000, two years after

the state limitations period.  As discussed above, Myers's PCRA petition was dismissed as

untimely under state law and, as a result, it cannot be considered "properly filed" and cannot toll

the limitations period.  28 U.S.C. § 2244(d)(2).  Lovasz, 134 F.3d at 148; see also Fahey v. Horn,

240 F.3d 239, 243-44 (3d Cir.), cert. denied, 1225 S.Ct. 323 (2001); Morris v. Horn, 187 F.3d

333, 338 (3d Cir. 1999) (state post-conviction petition dismissed on grounds of untimeliness does

not toll statute of limitations).  Moreover, at the time Myers filed his PCRA petition, the federal

limitations period had already expired.  Thus, even if this petition had been properly filed under

state law, it could not serve to toll an expired federal limitations period.  Under either

circumstance, this court is constrained to conclude that the instant *habeas* petition is untimely.[1]

Further, this court must conclude that Myers does not satisfy any of the exceptions to the

period of limitations set forth in § 2244(d)(1)(B)-(D).  Myers does not allege any state action that

prevented him from filing his petition.  He does not assert any claim that relies on a new rule of

retroactively applicable constitutional law.  Moreover, the factual predicates upon which his

claims are based concern events that took place during his trial proceedings and were discoverable

in the exercise of due diligence.

Finally, Myers does not present any extraordinary circumstance beyond his control that

---

[1] This court notes further, that it would be constrained to find that these claims are not subject to federal *habeas* review.  To the extent that the instant claims have been raised in the state court, they were rejected based on separate and adequate state grounds; i.e. the court's lack of jurisdiction to consider an untimely PCRA petition.  A federal *habeas* court is precluded from reviewing an issue of federal law raised by a state prisoner if the decision of the state court denying relief rests on a state law ground that is "independent of the federal question and adequate to support the judgment," whether it is substantive or procedural.  Lambrix v. Singletary, 520 U.S. 518, 522 (1997); Coleman v. Thompson, 501 U.S. 722, 729 (1991); Harris v. Reed, 489 U.S. 255 (1989).  Myers fails to address this default or establish cause and prejudice resulting from the state court's disposition of these claims or demonstrate that the failure to consider these claims would result in a fundamental miscarriage of justice.

Additionally, further review is precluded by Pennsylvania law because the state courts would either dismiss a subsequent PCRA petition as untimely or find that the claims had been waived.  See 42 Pa. C.S.A. §§ 9543(a)(3); 9544(b); 9545(b)(1).  Petitions for collateral review must be filed within one (1) year of the date judgment becomes final unless the petitioner meets one of three limited exceptions that do not apply in the instant case.  42 Pa.. C.S.A. § 9545(b).  See also Commonwealth v. Peterkin, 722 A.2d 638, 642-43 (Pa. 1998) (finding no jurisdiction to hear an untimely PCRA petition); Commonwealth v. Cross, 726 A.2d 333, 335-36 (Pa. 1999) (same); Commonwealth v. Banks, 726 A.2d 374, 376 (Pa. 1999) (same).  Because the Pennsylvania Supreme Court has consistently applied the one-year statute of limitations as a procedural bar to all untimely PCRA petitions, this court must conclude that further review of any additional claims in the state court is clearly foreclosed.  When a "state claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement may be satisfied because there is 'an absence of available state corrective process.'"  Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).  Where the petitioner has not presented claims to the state courts, and no state remedy remains available, the unexhausted claims are deemed exhausted but procedurally barred.  O'Sullivan, 526 U.S. 838, 848 (1999)(citations omitted).

would meet the judicially established criteria for disregarding the limitations period pursuant to

the doctrine of equitable tolling.  See Miller v. New Jersey Dept. of Corrections, 145 F.3d 616,

617-18 (3d Cir. 1998) (petitioner must show that he exercised reasonable diligence in bringing his

claims; mere excusable neglect is not sufficient.)

Having determined that this petition is untimely and fails to meet any exception to the

limitations period of §2244(d)(1), this court makes the following:


R E C O M M E N D A T I O N


AND NOW, this              day of December, 2002,  IT IS RESPECTFULLY

RECOMMENDED that the petition for a writ of *habeas corpus* be DENIED with prejudice.  It is

also RECOMMENDED that a certificate of appealability not be granted.


BY THE COURT:


_____
JAMES R. MELINSON
CHIEF U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Geary Myers, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Frank Gillis, et al., | : | 02-CV-3793 |
| Respondents | : | |

ORDER

EDMUND V. LUDWIG, J.

AND NOW, this            day of                         , 200__, upon careful and

independent consideration of the petition for a writ of *habeas corpus*, and after review of the

Report and Recommendation of Chief United States Magistrate Judge James R. Melinson, IT IS

ORDERED that:

1.  The Report and Recommendation is APPROVED and ADOPTED.

2.  The petition for a writ of *habeas corpus* is DENIED with prejudice.

3.  There is no probable cause to issue a certificate of appealability.

4.  The Clerk of the Court shall mark this case closed for statistical purposes.


BY THE COURT:


_____
EDMUND V. LUDWIG, J.